**PAULETTE L. STEWART**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**901 Front Street, Suite 1100**
**Helena, Montana 59626**
**Phone: (406) 457-5120**
**Fax: (406) 457-5130**
**Email: paulette.stewart@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**DANIEL JAMES ERLANDSON,**<br><br>**Defendant.** | **CR 25-39-GF-BMM**<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America, represented by Assistant U.S. Attorney Paulette L. Stewart, files this sentencing memorandum in advance of the August 26, 2026, sentencing hearing.

The first issue that must be addressed is whether or not Erlandson remains competent to procced to his sentencing hearing set August 26, 2026. His care provider at the jail is concerned that he is deteriorating – email provided to counsel

on August 11, 2026, by the PSR writer. Further, the defendant does not appear to have a place to reside upon his release from custody.

Erlandson entered a guilty plea to the indictment, which charges false statement during a firearms transaction in violation of 18 U.S.C. § 922(a)(6). His undisputed, advisory guideline range is 12 to 18 months of imprisonment based on a total offense level of 29 and a criminal history category of II. PSR ¶ 74. He faces a maximum term of ten years of imprisonment. PSR ¶ 73. There are no objections to the PSR. See PSR Addendum.

After analyzing the 3553(a) sentencing factors, the United States recommends a sentence of time served (471 days) followed by three years of supervised release.

**3553(a) FACTORS**

The 3553(a) sentencing factors support a sentence of time served followed by three years of supervised release.

**Nature and circumstances of the offense.**

The offense details are set forth in the PSR (paragraphs 11-13) as well as the offer of proof (Doc. 41).

On January 21, 2025, Daniel James Erlandson, a convicted felon who was committed to Montana DHHS with initial placement at the Montana State Hospital, attempted to purchase a Springfield 9mm semi-automatic pistol at North

40 located in Great Falls MT. He is listed on the Montana Violent Offender Registry.

On January 21, 2025, Great Falls Police Department Officers responded to North 40 Outfitters, an FFL, located at 1000 3rd Street Northwest, Great Falls, Montana, for reports of a male causing a disturbance while attempting to purchase a firearm. Officers contacted Daniel Erlandson at the firearms counter and observed him exhibiting confrontational behavior. He was eventually escorted out of North 40. His aggressive behavior continued to escalate, he refused to leave the property, and he was eventually arrested.

GFPD Officers spoke with the employees at the firearms section of the store and learned that Erlandson filled out ATF Form 4473 to purchase an HS Produkt (Springfield Inc.), model XD 3, 9 mm, semiautomatic pistol (serial number BF430449). In addition to his confrontational behavior, he provided documentation to North 40 staff that was described as “fraudulent” and as a result the employees refused to sell the firearm to Erlandson prior to running Erlandson in the NICS background check.

North 40 Outfitters located at 1000 3rd Street Northwest, Great Falls MT 59404 is licensed to deal in firearms, other than destructive devices with license number 9-80-013-01-5J-02883 which was originally issued in June 2019 and renewed in July 2022.

On October 3, 2022, Erlandson was sentenced to four years in Cascade County case number BDC-21-301 on two counts of felony assault on a peace officer and one felony count of criminal mischief, consecutive to the case below. He was committed to the custody of the Director of Montana DHHS with his initial placement at the Montana State Hospital.

On November 7, 2022, Erlandson was sentenced to four years in Cascade County case number ADC-15-235 on three counts of assault with a weapon. Again, he was committed to the MT DHHS with initial placement at the Montana State Hospital.

The Montana DOC Sexual and Violent Offender Registration printout shows Erlandson listed as a violent offender.

**The history and characteristics of the defendant.**

Erlandson is a 37-year-old man with three scored criminal history points, which results in a criminal history category of II. At age 25, he was convicted of two counts of assault and obstructing a peace officer in Great Falls Municipal Court. At age 31, the defendant was convicted of three felony offenses – two counts of assault on a peace officer and criminal mischief – in the Cascade County District Court. At age 36, he was convicted of criminal trespass to property, resisting arrest, obstructing a peace officer, failure to notify owner after accident, and basic rule of reasonable and prudent violation in the Great Falls Municipal

Court. At age 26, Erlandson was found not guilty by reason of a lack of mental state for the felony offenses of assault with a weapon x3 and criminal endangerment and committed to the Montana Department of Health and Human Services for ten years in the Cascade County District Court. At age 36, the defendant was also charged with privacy in communications for sending threatening text messages in Great Falls, a permanent order of protection was granted in the Cascade County Justice Court. He was also issued citations for disorderly conduct after threatening a health care provider and indecent exposure after masturbating at a city park, all in Great Falls. His pending cases include criminal mischief after kicking in a window at the Cascade County Detention Center causing $400 in damage and assault with bodily fluids after he caused a bodily fluid to make physical contact with a law enforcement officer, staff of a correctional or detention facility, or health care provider while incarcerated at the CCDC.

Erlandson was raised mostly in Great Falls by his mother. He has three half siblings. The defendant noted he was most stable when he resided in group homes as an adult. He did not note any significant medical issues.

His mental health issues surfaced as a teenager. He has been hospitalized several times since then. Due to threats and aggressive behavior, his group home stay was terminated. He was resistant to his providers recommendation to increase

his medication dose. A summary of his mental health diagnoses and providers is listed in the PSR.

Erlandson first drank alcohol at age 11 and he last drank in April 2025. He used marijuana starting at age 15 and used the drug until early 2025. The defendant also experimented with a handful of other drugs. Although he expressed an interest in consuming alcohol and marijuana, he was notably disappointed to learn consumption of them would not be permitted during supervision.

The defendant received his GED in 2009. In 2020, he earned an associates degree in technical studies from MSU-GF. His last employment ended in January 2025. He has a history of working at various fast food restaurants in Great Falls. It appears that the defendant does not have the ability to pay a fine within the guideline range. There are no victims in this case for restitution purposes.

**The need for the sentence imposed to reflect the seriousness of the offense.**

The defendant's false statement during a firearm transaction is a serious offense – especially when the firearm purchase seemed to be connected to his recent firing from a nearby business.

**Promote respect for the law.**

The defendant appears to have respect for the law when he is medicated.

**Provide just punishment for the offense.**

The recommended sentence would be just punishment for this offense.

**Afford adequate deterrence to criminal conduct.**

The recommended sentence may deter the defendant from further criminal conduct.

**Protect the public from further crimes of the defendant.**

The recommended sentence should protect the public from further crimes by the defendant.

**Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

The defendant has needed educational, vocational, medical or other correctional treatment. The recommended conditions of supervision should be adopted by the Court and incorporated into the defendant's judgment. See PSR ¶¶ 90-98.

**The need to avoid unwarranted sentences among defendants with similar records who have been found guilty of similar conduct.**

The PSR notes that during the last five fiscal years (FY2021-2025), there were 583 defendants whose primary guideline was §2K2.1, with a Final Offense Level of 12 and a Criminal History Category of II, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 496 defendants (85%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 12 months and the median length of imprisonment imposed was 12 months. See PSR Nondeterminative attachment.

**Conclusion.**

The United States recommends a sentence of time served followed by three years of supervised release.

Respectfully submitted this 24th day of August 2026.

MARK STEGER SMITH
Acting United States Attorney

*/s/ Paulette L. Stewart*
Assistant U.S. Attorney
Attorney for Plaintiff